# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-114V**
**Filed: December 21, 2018**
UNPUBLISHED

| | |
|---|---|
| TIFFANY COOPER,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On January 26, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury caused by her November 17, 2015 influenza vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 3, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On December 21, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $36,492.23, representing $35,000.00 in

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation for actual pain and suffering and $1,492.23 in compensation for past unreimbursable expenses. Proffer at 2. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer. *Id.*

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $$36,492.23, representing compensation for actual pain and suffering ($35,000.00) and past unreimbursable medical expenses ($1,492.23) in the form of a check payable to petitioner, Tiffany Cooper.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| TIFFANY COOPER,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 17-114V (**ECF)**<br>Chief Special Master Dorsey |

## PROFFER ON AWARD OF COMPENSATION[1]

### I. Procedural History

On January 26, 2017, Tiffany Cooper ("petitioner") filed a Petition ("Petition") for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza vaccination in her left shoulder on November 17, 2015. Petition at 1-2.

On September 8, 2017, respondent filed a Vaccine Rule 4(c) Report, and on August 3, 2018, the Court found petitioner entitled to compensation, based on a theory of causation-in-fact.

### II. Items of Compensation

A. Pain and Suffering

The parties agree that based upon the evidence of record, petitioner is entitled to an award of actual pain and suffering as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4).

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to discuss after the Damages Decision is issued.

Respondent proffers that the appropriate award for petitioner's actual pain and suffering is $35,000.00. Petitioner agrees.

B. Past Unreimbursable Medical Expenses

The parties agree that the evidence supplied by petitioner documents Tiffany Cooper's expenditure of past unreimbursable expenses related to her vaccine-related injury. See 42 U.S.C. § 300aa-15(a)(1)(B). Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,492.23. Petitioner agrees.

## III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:[2]

A lump sum payment of $36,492.23, representing compensation for actual pain and suffering ($35,000.00) and past unreimbursable medical expenses ($1,492.23), in the form of a check payable to petitioner.[3] Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] The parties have no objection to the proffered award of damages. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties do not intend to seek review of such damages decision. However, the parties recognize that respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Chief Special Master's August 3, 2018 Findings of Fact and Ruling on Entitlement finding petitioner entitled to an award under the Vaccine Act. This right accrues following entry of judgment.

                              C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ Robert P. Coleman III
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0274
Email: Robert.P.Coleman@usdoj.gov

DATED: December 21, 2018